Dear Mr. Bradford:
This letter is in response to your question asking:
 For the purposes of extending benefits of Title 2 of the Social Security Act (42 U.S.C.A., Section 401 et seq.) are sheltered workshops and/or residence facilities established under Sections 205.968 — 205.972 RSMo. 1978 separate political subdivisions or instrumentalities as defined in Section 105.300 RSMo. 1978.
County sheltered workshops may be established under § 205.968, RSMo, et seq.
Section 205.970, RSMo Supp. 1979, provides for the appointment of a nine-member board of directors by the county court who are to have the administrative control and management of the facility and who also have the authority to employ all necessary personnel, fix their compensation, and provide suitable quarters and equipment for the operation of the facility from funds made available for that purpose.
Subsection 3 of § 205.970 provides:
 Notwithstanding any provision of law to the contrary, and irrespective of whether or not a county sheltered workshop or residence facility has been established, the board may contract with any not for profit corporation for such corporation to provide services relating in whole or in part to the services which the board itself may provide to handicapped persons as defined in this law and for such purpose may expend the tax funds or other funds.
It is our understanding that there are no county sheltered workshops as such because the county sheltered workshop boards have elected to contract with not for profit corporations to provide such services under the provisions of subsection 3 of § 205.970. Inasmuch as the board of directors are expressly prohibited from receiving any compensation for their services under § 205.970, your question does not concern the board members. Likewise, since there are no county sheltered workshops operated by a nine member board appointed by the county court or other county governing board, your question does not concern handicapped employees. The only personnel which come within your question are those personnel employed by the board of directors.
In our Opinion No. 39, dated April 16, 1952, to George Henry, copy enclosed, we concluded that county health center employees coming within the provisions of § 205.010, RSMo, are employees of the county, and that the employer's contribution for social security purposes due for these county employees is classed as an operating expense of the county health center and chargeable to the county health center fund and so paid. It is our view that this opinion is applicable to the question you ask and to the tax funds levied pursuant to § 205.971, RSMo, by the county court for county sheltered workshop purposes.
It is thus our view that such employees of the county sheltered workshops are county employees, and that the employer's contribution which is due for social security for these employees would be classed as an operating expense and chargeable against the tax levy funds of the sheltered workshop board.
very truly yours,
 JOHN ASHCROFT Attorney General
Enclosure Att'y Gen. Op. No. 39, Henry, 4/16/52